UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| JASON BROWN, | ) |
| Plaintiff, | ) |
| v. | ) Case No.: |
| 474 NORTH LAKE SHORE DRIVE CONDOMINIUM ASSOCIATION, | ) |
| Defendant. | ) |

**PLAINTIFF'S COMPLAINT WITH DEMAND FOR JURY TRIAL**

COMES NOW the Plaintiff, JASON BROWN ("Plaintiff" or "Brown"), files his Complaint against the Defendant, 474 NORTH LAKE SHORE DRIVE CONDOMINIUM ASSOCIATION ("Defendant" or "474"), and states the following:

**NATURE OF THE CLAIMS**

1. This is an action for monetary damages and injunctive relief, pursuant to Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e, *et seq*. ("Title VII"), and the Civil Rights Act of 1866, 42 U.S.C §1981, as amended by the Civil Rights Act of 1991 ("Section 1981") to redress Defendant's unlawful employment practices against Plaintiff, including Defendant's unlawful discrimination and retaliation against Plaintiff because of his race, leading to his unlawful termination.

1

## JURISDICTION AND VENUE

2.  This Court has jurisdiction of the claims herein pursuant to 28 U.S.C. §§ 1331 and 1343(a)(4) as this action involves federal questions regarding the deprivation of Plaintiff's rights under Title VII and Section 1981.

3.  Venue is proper in this District pursuant to 28 U.S.C. §1391(b) because a substantial part of the events or omissions giving rise to this action, including Defendant's unlawful employment practices alleged herein, occurred in this District.

## THE PARTIES

4.  Plaintiff, Brown, is a citizen of the United States was at all times material, a resident of the State of Illinois.

5.  Defendant, 474 is a For-Profit Corporation that operated in this district at 505 e. Illinois, 2nd Flr, Chicago, IL 60601.

6.  Defendant is an employer as defined by the laws under which this action is brought and employs the requisite number of employees.

## PROCEDURAL REQUIREMENTS

7.  Plaintiff has complied with all statutory prerequisites to filing this action.

8.  On January 3, 2022, Plaintiff dual-filed a timely claim with the Equal Employment Opportunity Commission ("EEOC"), and the Illinois Department of Human Rights ("IDHR") against Defendant, satisfying the requirements of 42 U.S.C. § 2000e5(b) and (e) based on race discrimination, and retaliation.

9. Plaintiff's EEOC charge was filed within three hundred (300) days after the alleged unlawful employment practices occurred.

10. On February 15, 2023, the EEOC issued a Notice of Right to Sue.

11. This complaint was filed within ninety (90) days of Plaintiff's receipt of the EEOC's Notice of Right to Sue.

## FACTUAL ALLEGATIONS

12. Plaintiff is an African American male.

13. Plaintiff began working for Defendant on or about October 5, 2018.

14. In a July 2021 meeting, Defendant's Property Manager, Bill Laborski (Caucasian), read the word "nigger" out loud while reading an incident report.

15. Specifically, Mr. Laborski stated, "Kelvin said you called him a bitch ass nigger."

16. Plaintiff informed Mr. Laborski that it is not appropriate to read the word, "nigger," out loud, even if he was just reading off a paper, in the presence of an African American employee or to say at all.

17. Mr. Laborski responded by stating, "I have said it before. It's not a problem."

18. On or about August 20, 2021, Plaintiff filed a charge with the EEOC because of Mr. Laborski's conduct.

19. In retaliation for Plaintiff's engagement in protected activity and his opposition to Defendant's discriminatory conduct, Mr. Laborski began to make false allegations about Plaintiff.

20. On or about September 10, 2021, Mr. Laborski called Plaintiff and told him that Plaintiff was suspended without pay until further notice.

21. Plaintiff was not given the opportunity to make a statement regarding the

unwarranted suspension.

22. Very soon after, on or about September 17, 2021, Defendant terminated Plaintiff under pretext because of his race, and in retaliation to opposing Mr. Laborski's discriminatory conduct.

23. The discrimination and retaliation Plaintiff was subjected to was perpetrated, in part, by one of Defendant's employees with direct supervisory authority over Plaintiff.

24. Defendant knew or should have known of the discrimination and retaliatory conduct because its supervisor(s) and members of management observed it and/or participated in it.

25. The unlawful employment practices complained of in the above-mentioned paragraphs were intentional. The unlawful employment practices complained of in the above-mentioned paragraphs were done with malice or with reckless indifference to the statutory and/or federally protected rights of Plaintiff.

26. Plaintiff has been damaged by Defendant's illegal conduct.

27. Plaintiff has retained the services of undersigned counsel and has agreed to pay said counsel reasonable attorneys' fees.

**Count I: Race Based Discrimination in Violation of Title VII**

28. Plaintiff re-alleges and adopts, as if fully set forth herein, the allegations stated in Paragraphs 1-27, above.

29. At all times relevant to this action, Plaintiff was in a protected category under Title VII because of his race, African American.

30. At all times material, Defendant employed fifteen (15) or more employees and qualified as an employer within the meaning of Title VII.

31. Defendant is prohibited under Title VII from discriminating against Plaintiff

because of her race with regard to discharge, employee compensation, and other terms, conditions, and privileges of employment.

32. Defendant violated Title VII by discharging and discriminating against Plaintiff based on his race.

33. Defendant intentionally discriminated against Plaintiff on the basis of his race.

34. As a direct and proximate result of Defendant's unlawful and discriminatory conduct in violation of Title VII, Plaintiff has suffered and continues to suffer, lost wages, lost benefits, as well as severe mental anguish and emotional distress, including but not limited to depression, humiliation, embarrassment, stress and anxiety, loss of self-esteem and self-confidence, and emotional pain and suffering, for which Plaintiff is entitled to an award of monetary damages and other relief.

35. Defendant's unlawful conduct in violation of Title VII was outrageous and malicious, was intended to injure Plaintiff, and was done with conscious disregard of Plaintiff's civil rights, entitling Plaintiff to an award of exemplary and/or punitive damages.

**Count II: Retaliation in Violation of Title VII**

36. Plaintiff re-alleges and adopts, as if fully set forth herein, the allegations stated in Paragraphs 1-27, above.

37. Plaintiff engaged in protected activity under Title VII while employed by Defendant.

38. Defendant intentionally retaliated against Plaintiff for engaging in protected activity.

39. Defendant's conduct violated Title VII.

40. Defendant's discriminatory conduct, in violation of Title VII, has caused Plaintiff to suffer a loss of pay, benefits, and prestige for which Plaintiff is entitled to damages.

41. Defendant's actions have caused Plaintiff to suffer mental and emotional distress, entitling him to compensatory damages.

42. Defendant has engaged in discriminatory practices with malice and reckless indifference to the Plaintiff's federally protected rights, thereby entitling him to punitive damages.

### Count III: Unlawful Race Based Discrimination in Violation of Section 1981

43. Plaintiff re-alleges and adopts, as if fully set forth herein, the allegations stated in Paragraphs 1-27 above.

44. Defendant discriminated against Plaintiff in violation of Section 1981.

45. Based on the conduct described above, Defendant intentionally deprived Plaintiff of the same rights as non-Black employees.

46. As a result of Defendants' discrimination in violation of Section 1981, Plaintiff has been denied employment opportunities providing substantial compensation and benefits, thereby entitling Plaintiff to equitable monetary relief.

47. Plaintiff has also suffered anguish, humiliation, distress, inconvenience, and loss of enjoyment of life because of Defendant's actions, thereby entitling Plaintiff to compensatory damages.

48. Defendants acted with malice and reckless indifference to Plaintiff's federally protected rights, thereby entitling him to an award of punitive damages.

### Count IV: Retaliation In Violation of Section 1981

49. Plaintiff re-alleges and adopts, as if fully set forth herein, the allegations stated in paragraphs 1-27 above.

50. Plaintiff engaged in protected activity under Section 1981 while employed by Defendant.

51. Defendant engaged in intentional retaliation against Plaintiff for Plaintiff's

participation in protected activity.

52.     Defendant's conduct violated Section 1981.

53.     Defendant's discriminatory conduct, in violation of Section 1981, has caused Plaintiff to suffer a loss of pay, benefits, and prestige for which Plaintiff is entitled to damages.

54.     Defendant's actions have caused Plaintiff to suffer mental and emotional distress, entitling Plaintiff to compensatory damages.

55.     Defendant has engaged in discriminatory practices with malice and reckless indifference to Plaintiff's federally protected rights, thereby entitling Plaintiff to punitive damages.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, requests this Honorable Court:

a)      Enter judgment requiring Defendant to pay back wages and back benefits found to be due and owing at the time of trial, front-pay, compensatory damages, including emotional distress damages, in an amount to be proved at trial, punitive damages, liquidated damages, and prejudgment interest thereon;

b)      Grant Plaintiff his costs and an award of reasonable attorneys' fees (including expert fees); and

c)      Award any other and further relief as this Court deems just and proper.

## JURY DEMAND

Plaintiff hereby requests a trial by jury on all triable issues herein.

Respectfully Submitted:
**/s/ Gary Martoccio**
Gary Martoccio, Esq.
IL Registration No. 6313431
**Spielberger Law Group**
4890 W. Kennedy Blvd., Suite 950
Tampa, Florida 33609
T: (800) 965-1570
F: (866) 580-7499

gary.martoccio@spielbergerlawgroup.com
*Counsel for Plaintiff*

Case: 1:23-cv-02277 Document #: 1 Filed: 04/11/23 Page 9 of 9 PageID #:9